**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

---

EDWARD ANTONIO GIL-SUAREZ,      :
         Petitioner,          :
     :
     v.          :      No.   2:26-cv-1394
     :
J.L. JAMISON, *in his official capacity as Warden*   :
*of Federal Detention Center, Philadelphia*; BRIAN :
MCSHANE, *in his official capacity as Acting*      :
*Philadelphia Field Office Director, United States*   :
*Immigration and Customs Enforcement*; TODD     :
LYONS, *in his official capacity as Acting Director* :
*of Immigration and Customs Enforcement*; KRISTI :
NOEM, *in her official capacity as Secretary of the* :
*Department of Homeland Security*;          :
THE U.S. DEPARTMENT OF HOMELAND     :
SECURITY; PAMELA BONDI, *Attorney General* :
*of the United States*;          :
         Respondents.          :

---

# O R D E R

**AND NOW,** this 20th day of March, 2026, upon consideration of the Petition for Writ of

Habeas Corpus under 28 U.S.C. § 2241, ECF No. 1;[1] Respondents' Response in Opposition,

---

[1]      Petitioner Edward Antonio Gil-Suarez, a native of Venezuela, entered the United States on August 16, 2023, at the United States Border with Mexico. *See* Pet. ¶¶ 18-19, ECF No. 1. Thereafter, he was apprehended by Customs and Border Patrol ("CBP") and charged with removability under 8 U.S.C. § 1182(a)(6)(A)(i) ("Aliens present without admission or parole"), and 8 U.S.C. § 1182(a)(7)(A)(i)(I) ("Immigrant without an immigrant visa"). *See id.* ¶ 22; *see also* ECF No. 6-3. However, on October 18, 2023, Petitioner was paroled into the United States pursuant to 8 U.S.C. § 1182(d)(5)(A). *See* Pet. ¶ 23, *see also* ECF No. 6-3. This parole was set to expire after one year. *See* ECF No. 6-3. Petitioner filed an Application for Asylum and Withholding of Removal, I-589, on March 1, 2024, which is still pending. *See* Pet. ¶ 23, *see also* ECF No. 6-2. Petitioner has a "Master hearing" scheduled for June 4, 2026. Pet. ¶ 22, Ex. B. On March 2, 2026, Petitioner was arrested and detained by Immigration and Customs Enforcement ("ICE") while at a regularly scheduled ICE check-in in Philadelphia. *See* Pet. ¶¶ 2, 21. He is being held without bond having been set. *See id.* ¶ 21. Petitioner filed the instant habeas petition on March 4, 2026. *See id.* In it, he alleges that his detention without a bond hearing violates: (I) the Fifth Amendment Due Process Clause, (II) the Immigration and Nationality Act ("INA"),

ECF No. 6;[2] and for the reasons set forth in the Honorable Chad F. Kenney's Opinion issued in *Vasquez-Rosario v. Noem*, No. 25-cv-7427, 2026 WL 196505 (E.D. Pa. Jan. 26, 2026), which is incorporated in its entirety herein;[3] **IT IS ORDERED THAT**:

The Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**,[4] as follows:

---

(III) bond regulations 8 C.F.R. §§ 236.1, 1236.1 and 1003.19, and (IV) the Administrative Procedure Act ("APA"). *See id.* ¶¶ 24-40.

[2] On March 13, 2026, Respondents filed their Opposition, arguing that the Court should deny habeas relief because: (1) Petitioner's detention is authorized by 8 U.S.C. § 1225(b)(1); and (2) Petitioner's detention is constitutional. *See* ECF No. 6.

[3] Judge Kenney's Opinion featured a factually similar petitioner and discussed whether 8 U.S.C. § 1225(b)(1) would serve to subject that petitioner to mandatory detention without a bond hearing. The *Vasquez-Rosario* Opinion rejected the Government's arguments in favor of mandatory detention, which are substantially the same as those brought in the above-captioned action. Judge Kenney concluded that the petitioner's detention violated both due process and the INA. His Opinion explained that "8 U.S.C. § 1225 provides the procedures by which the Government may subject certain 'applicants for admission' to mandatory detention." *Vasquez-Rosario*, 2026 WL 196505, at *3 ("Section 1225(a)(1) designates an 'applicant for admission' as '[a]n alien present in the United States who has not been admitted. . . .'"). There are two types of "applicants for admission," those covered by § 1225(b)(1) and those covered by § 1225(b)(2). *Id.* (citing *Jennings v. Rodriguez*, 583 U.S. 281, 287 (2018)). "Section 1225(b)(1) governs noncitizens: (1) who are inadmissible for lack of proper entry documents or because they engaged in fraud or a willful misrepresentation of a fact on their application for admission; and (2) who fall within either the 'Arriving Aliens Provision' or the 'Designation Provision.'" *Vasquez-*, 2026 WL 196505, at *3 (citing *Rodriguez-Acurio v. Almodovar*, No. 2:25-cv-6065, 2025 WL 3314420, at *10 (E.D.N.Y. Nov. 28, 2025)). Inadmissible aliens who do "not demonstrate an intent to apply for asylum or indicate 'a fear of prosecution or torture or fear of returning to their country of origin'" are subject to expedited removal proceedings, during which § 1225(b)(1) mandates detention. *See id.* (citing *Rodriguez-Acurio*, 2025 WL 3314420, at *9). However, "neither the Arriving Aliens Provision nor the Designation Provision of Section 1225(b)(1) authorizes expedited removal and the detention of noncitizens, who like [Petitioner], were paroled into the United States under Section 1182(d)(5)(A)." *Id.* (citing *Rodriguez-Acurio*, 2025 WL 3314420, at *14).

The *Vasquez-Rosario* Opinion is only one of dozens in this District which reach a similar conclusion, but it is one of the first to consider the applicability of the "Designation Provision" and "Arriving Alien Provision" of 8 U.S.C. § 1225(b)(1), which, before *Vasquez-Rosario*, had not been "explored in depth in this District." *See id.* at *3.

[4] Here, Petitioner was initially issued a Notice and Order of Expedited Removal on Form I-860, subjecting him to expedited removal proceedings under § 1225(b)(1), but was later paroled into the United States under §1182(d)(5)(A). *See* ECF No. 6-3. From the time of Petitioner's initial parole into the United States in October 2023 to the time of his arrest in March 2026, DHS "did not treat [him] as if he were subject to mandatory detention and expedited removal

1.      Petitioner Edward Antonio Gil-Suarez is not subject to mandatory detention under 8 U.S.C. § 1225(b)(1), and instead may be detained, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226(a);

2.      **Within seven (7) days of the date of this Order**, the Government SHALL provide Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a);

3.      If a bond hearing is not held before an Immigration Judge within seven (7) days, the Government shall immediately RELEASE Petitioner from ICE custody; and

4.      The Clerk of Court shall mark this case **CLOSED**.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

proceedings." *See Vasquez-Rosario*, 2026 WL 196505, at *6. Like in *Vasquez-Rosario*, this Court finds that here, Petitioner is not subject to the "Designation Provision" of § 1225(b)(1)(A)(iii)(II) because he resided here for over two years prior to his arrest by ICE, and because "a noncitizen whose parole has expired is treated like the vast majority of undocumented immigrants currently living in this country who are not subjected to expedited removal." *Id.* at *7-8 (citation omitted). Likewise, as in *Vasquez-Rosario*, this Court finds that Petitioner is not subject to the "Arriving Alien" provision of § 1225(b)(1)(A)(i) because he is no longer "in the process of reaching the United States." *Id.* at *8 (citation omitted). Respondents do not argue that Petitioner is subject to § 1225(b)(2). Accordingly, "his detention is discretionary and governed by Section 1226(a), which 'applies to aliens already present in the United States.'" *Id.* at *10 (citing *Jennings*, 583 U.S. at 303).  In a manner consistent with *Vasquez-Rosario* and other recent decisions in this District, this Court finds that Petitioner's continued detention without a bond hearing violates the INA.

As Petitioner is entitled to habeas relief on the INA claim, the Court will not reach the merits of Petitioner's claims based on violations of 8 C.F.R. §§ 236.1, 1236.1, and 1003.19, the APA, or Fifth Amendment due process. The Petition for Writ of Habeas Corpus is granted, by first ordering a bond hearing, and then ordering his immediate release if a bond hearing is not timely provided.