**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

---

| | |
|---|---|
| EDWARD ANTONIO GIL-SUAREZ, | : |
| Petitioner, | : |
| | : |
| v. | :      No. 2:26-cv-1394 |
| | : |
| J.L. JAMISON, *in his official capacity as Warden* | : |
| *of Federal Detention Center, Philadelphia*; BRIAN | : |
| MCSHANE, *in his official capacity as Acting* | : |
| *Philadelphia Field Office Director, United States* | : |
| *Immigration and Customs Enforcement*; TODD | : |
| LYONS, *in his official capacity as Acting Director* | : |
| *of Immigration and Customs Enforcement*; KRISTI | : |
| NOEM, *in her official capacity as Secretary of the* | : |
| *Department of Homeland Security*; | : |
| THE DEPARTMENT OF HOMELAND SECURITY; | : |
| PAMELA BONDI, *in her official capacity as Attorney* | : |
| *General of the United States*, | : |
| Respondents. | : |

---

# **O R D E R**

**AND NOW,** this 14th day of July, 2026, upon consideration of the Petition for Writ of

Habeas Corpus, ECF No. 1; Respondents' Response to the Petition, ECF No. 6; the Court's

Order dated March 20, 2026, granting the Petition, ECF No. 7; Petitioner's Motion for Attorney

Fees, ECF No. 8; and Respondents' Response, ECF No. 9; **IT IS ORDERED THAT**:

1.      **On or before July 17, 2026**, Respondents shall file a supplemental brief

addressing whether its argument as stated in its response to the habeas petition, that Petitioner

was subject to detention under 8 U.S.C. § 1225(b)(1), *see* ECF No. 6, was substantially justified

and whether its underlying conduct of detaining Petitioner pursuant to § 1225(b)(1) was

substantially justified.[1]

      2.      **On or before July 20, 2026**, Petitioner may file a supplemental reply brief.

                                        BY THE COURT:

                                        */s/ Joseph F. Leeson, Jr.*
                                        JOSEPH F. LEESON, JR.
                                        United States District Judge

---

[1]     In Respondents' Response to the Petition for Writ of Habeas Corpus, ECF No. 6, Respondents argued that Petitioner was subject to detention under 8 U.S.C. § 1225(b)(1), but the Response to the Motion for Attorney Fees does not mention 8 U.S.C. § 1225(b)(1). Rather, in Respondents' Response to the Motion for Attorney Fees, Respondents maintain that their position that "an applicant for admission present in the United States is subject to mandatory detention under 8 U.S.C. § 1225(B)(2)(A)" is substantially justified. Resp. to Mot. 1-2, ECF No. 9. Additionally, the Response to the Motion for Attorney Fees argues that Respondents underlying conduct was substantially justified based on the decision in *Matter of Hurtado*, 29 I. & N. Dec. 216 (B.I.A. 2025), *see id.* at 4, but in its Response to the Petition for Writ of Habeas Corpus, Respondents argued that *Hurtado* "is not implicated here," ECF No. 6 at 1.